Semnar & Hartman, LLP
Babak Semnar, Esq. (#224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (#254860)
jared@ sandiegoconsumerattorneys.com
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff, ROSARIO MERCADO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO MERCADO,<br><br>          Plaintiff,<br><br>     vs.<br><br>MOUNTAIN LION ACQUISITIONS INC., and DOES 1-10,<br><br>          Defendants, | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF**<br>  1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT,**<br>  2. **STATE OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,**<br>  3. **STATE OF CALIFORNIA FAIR DEBT BUYER PRACTICES ACT**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.     This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, ROSARIO MERCADO, (hereinafter

"PLAINTIFF") against Defendant MOUNTAIN LION ACQUISITIONS INC., (hereinafter "Defendant" or "MOUNTAIN LION"), and Does 1-10, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), and the California Fair Debt Buying Practices Act, Cal. Civ. Code §1788.50, *et seq.* (hereinafter "FDBPA"), all of which prohibit debt collectors and debt buyers from engaging in abusive, deceptive and unfair practices.

2.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4.     This action arises out of Defendant's violations of the FDCPA under 15 U.S.C. §1692, *et seq.*, violations of the California Rosenthal Act under Cal. Civ. Code §1788, *et seq.*, and violations of the California Fair Debt Buying Act under Cal. Civ. Code §1788.50, *et seq*.

5.     Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

6.     As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendant for purposes of this action.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## THE PARTIES

8.     Plaintiff is a natural person residing in the City of Alhambra, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a payday loan debt, allegedly owed to

MOUNTAIN LION (hereinafter "Debt") and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of the California Rosenthal Act and the California Fair Debt Buying Act.

9.     At all times relevant herein, MOUNTAIN LION was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by 15 U.S.C. §1692a(5).

10.     MOUNTAIN LION regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and Cal. Civ. Code §1788.2(c).

11.     At all times relevant herein, MOUNTAIN LION was a company that regularly engaged in the business of purchasing charged-off consumer debt for collection purposes, as defined by Cal. Civ. Code §1788.50 and is therefore a "Debt Buyer" within the meaning of Cal. Civ. Code §1788.50(a)(1).

12.     The alleged Debt in this matter was a consumer debt that has been removed from a creditor's books as an asset and treated as a charged off loss or expense, and therefore is a "Charged-Off Consumer Debt" under Cal. Civ. Code §1788.50(a)(2).

13.     The alleged "Charged-Off Consumer Debt" (Debt) was purchased by MOUNTAIN LION after January 1, 2014, and is therefore subject to the statutory provisions of Cal. Civ. Code §1788.50, *et seq*.

**FACTUAL ALLEGATIONS**

14.     On or about August 17, 2011, Plaintiff allegedly became obligated to pay a debt owed to CashCall, Inc.

15.     The alleged debt is a payday loan that was incurred for personal and household purposes.

16.     Plaintiff is informed and believes that, sometime in October 2014, the alleged debt was assigned, sold, or otherwise transferred from CashCall, Inc. to MOUNTAIN LION for collection.

17.     On or about October 30, 2015 and again on April 4, 2016, a collection agent for MOUNTAIN LION had telephone conversations with an employee of the Human Resources Department where Plaintiff is employed (Fuji Film).

18.     MOUNTAIN LION's collection agent spoke to HR employee Jean Berrien on or about October 30, 2015 and again on or about April 4, 2016.

19.     Plaintiff sat in Ms. Berrien's office during the October 2015 phone conversation on speaker phone wherein Ms. Berrien and MOUNTAIN LION's collection agent conversed about specific details regarding Plaintiff's financial circumstances, her work schedule, the fact that she is previously divorced, and also about the circumstances surrounding the underlying debt that MOUNTAIN LION eventually sued her upon.

20.     The man with whom Ms. Berrien spoke did not identify himself or his company during the October 2015 phone call.

21.     Ms. Berrien initially refused to tell Plaintiff his name and company after she hung up the phone with him.

22.     Plaintiff only discovered he was with Plaintiff's employment when Ms. Berrien informed her about a phone call from "Marshall" in October 2016, at which time Ms. Berrien informed Ms. Mercado that "Marshall" was not the same person with whom she had previously spoken.

23.     The only reason Ms. Berrien informed Plaintiff who the collection agent was in October 2016 is because Plaintiff had already reported Ms. Berrien to her supervisor for violating Plaintiff's rights to privacy by giving out personal information without Plaintiff's consent and Ms. Berrien now wanted to apologize in an attempt to rectify what she had done.

24.     Ms. Berrien has also informed Plaintiff that she also had a telephone conversation with MOUNTAIN LION's collection agent on or about April 4, 2016, wherein they again discussed private information about Plaintiff's personal and financial matters.

25.     Ms. Berrien admitted to Plaintiff that she had spoken to the collection agent on multiple occasions and was trying to help them by giving them information regarding Plaintiff's personal whereabouts and personal schedule.

26.     Plaintiff never once gave anyone permission to discuss her personal affairs, and certainly never gave written authorization for anyone in Defendant's employment to speak to anyone at her employment about the alleged debt.

27.     Plaintiff is informed and believes that Defendant's purpose in conducting these communications was to create a state of embarrassment to Plaintiff in order to force her to make payments to Defendant.

28.     In October 2016, Plaintiff discovered for the first time that MOUNTAIN LION had filed a complaint against her on September 25, 2015 in the county of San Bernardino Superior Court, Case No. CIVDS1514361 attempting to collect the alleged debt in an amount of $5,075.00. (See attached Exhibit 1)

29.     The complaint filed against Plaintiff in Case No. CIVDS1514361 fails to contain information required by the State of California Fair Debt Buyer Practices Act.

30.     California Civil Code 1788.58 reads:

In an action brought by a debt buyer on a consumer debt:

(a) The complaint shall allege all of the following:

(1) That the plaintiff is a debt buyer.

(2) The nature of the underlying debt and the consumer transaction or transactions from which it is derived, in a short and plain statement.

(3) That the debt buyer is the sole owner of the debt at issue, or has authority to assert the rights of all owners of the debt.

(4) The debt balance at charge off and an explanation of the amount, nature, and reason for all post-charge-off interest and fees, if any, imposed by the charge-off creditor or any subsequent purchasers of the debt. This paragraph shall not be deemed to require a specific itemization, but the explanation shall identify separately the charge-off balance, the total of any post-charge-off interest, and the total of any post-charge-off fees.

(5) The date of default or the date of the last payment.

(6) The name and an address of the charge-off creditor at the time of charge off and the charge-off creditor's account number associated with the debt. The charge-off creditor's name and address shall be in sufficient form so as to reasonably identify the charge-off creditor.

(7) The name and last known address of the debtor as they appeared in the charge-off creditor's records prior to the sale of the debt. If the debt was sold prior to January 1, 2014, the debtor's name and last known address as they appeared in the debt owner's records on December 31, 2013, shall be sufficient.

(8) The names and addresses of all persons or entities that purchased the debt after charge off, including the plaintiff debt buyer. The names and addresses shall be in sufficient form so as to reasonably identify each such purchaser.

(9) That the debt buyer has complied with Section 1788.52.

(b) A copy of the contract or other document described in subdivision (b) of Section 1788.52 shall be attached to the complaint.

31.    The "contract or other document described in subdivision (b) of Section 1788.52" that must be attached to the complaint is defined as "a copy of a contract or other document evidencing the debtor's agreement to the debt."

32.    In the complaint that was filed by MOUNTAIN LION in San Bernardino Superior Court Case No. CIVDS1514361, MOUNTAIN LION attached to the complaint what it purports to be a copy of the contract giving rise to the alleged debt but

the purported contract fails to contain any signature by Plaintiff (electronic or otherwise) evidencing her agreement to the debt.

33. MOUNTAIN LION's complaint fails to state that it is a debt buyer, as required by Calif. Civ. Code 1788.58(a)(1).

34. MOUNTAIN LION's complaint fails to state "the nature of the underlying debt and the consumer transaction or transactions from which it is derived, in a short and plain statement", as required by Calif. Civ. Code 1788.58(a)(2).

35. MOUNTAIN LION's complaint fails to state that it is "the sole owner of the debt at issue, or has authority to assert the rights of all owners of the debt", as required by Calif. Civ. Code 1788.58(a)(3).

36. MOUNTAIN LION's complaint fails to state "the debt balance at charge off and an explanation of the amount, nature, and reason for all post-charge-off interest and fees, if any, imposed by the charge-off creditor or any subsequent purchasers of the debt", as is required by Calif. Civ. Code 1788.58(a)(4).

37. Plaintiff has suffered individual, particularized harm and actual damages by way of confusion, bewilderment, nervousness, anxiety, and feelings of hopelessness and despair over being deprived of specific information to which the law entitles her and also by the communications that MOUNTAIN LION's agent had with Ms. Berrien at Plaintiff's employment concerning Plaintiff's personal and financial affairs, including the circumstances surrounding the underlying alleged debt, all without Plaintiff's authorization.

38. Upon information and belief, Defendant's violations were willful, because Defendant's action of including a statement within its complaint, at paragraph 19 that it alleges it has complied with Calif. Civ. Code 1788.52 of the FDBPA clearly shows Defendant is aware of its obligations under the Act.

///

///

1
2

## FIRST CLAIM FOR RELEIF
### (Violations of the FDCPA)

3    39.    Plaintiff repeats, re-alleges, and incorporates by reference all the
4  allegations contained in the paragraphs above.

5    40.    MOUNTAIN LION violated the FDCPA. The violations include, but are
6  not limited to, the following:

7    (1) Communicating with Ms. Berrien in the manner described amounted to
8        MOUNTAIN LION communicating with third parties in an attempt to
9        collect the debt, without Plaintiff's prior consent and without the express
10       permission of a court of competent jurisdiction, and not being done as
11       reasonably necessary to effectuate a postjudgment judicial remedy, in
12       violation of 15 U.S.C. §1692c(b) of the FDCPA;

13   (2) Communicating with Ms. Berrien in the manner described amounted to
14       MOUNTAIN LION using unfair and unconscionable means to collect or
15       attempt to collect a debt in violation of 15 U.S.C. 1692f of the FDPCA

16   41.    As a result of each and every violation of the FDCPA, Plaintiff is entitled
17  to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an
18  amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable
19  attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

20
21

## SECOND CLAIM FOR RELEIF
### (Claim for violations of the Rosenthal Act)

22   42.    Plaintiff repeats, re-alleges, and incorporates by reference all the
23  allegations contained in the paragraphs above.

24   43.    MOUNTAIN LION violated the Rosenthal Act. The violations include, but
25  are not limited to, the following:

26   (1) Placing telephone calls in an attempt to collect the alleged debt without
27       disclosing the caller's identity, in violation of Calif. Civ. Code 1788.11(b);

28

(2) Communicating with Ms. Berrien in the HR department of Plaintiff's employment without the communication being necessary to the collection of the alleged debt and without Plaintiff's written consent to such communication, in violation of Calif. Civ. Code 1788.12(a).

44. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act.

45. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## THIRD CLAIM FOR RELEIF
### (Claim for violations of the California Fair Debt Buying Act)

46. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

47. Defendant's acts and omissions as described in paragraphs 28-36 above violated the California Fair Debt Buying Act including, but not limited to Cal. Civ. Code §1788.58. Defendants' violations of Cal. Civ. Code §1788.58 include, but are not limited to the following:

48. As a result of each and every violation of the FDBPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.62(a)(1); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.62(a)(2); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.62(c)(1)..

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

1.      An award of actual damages in the amount of $10,000.00, or as the jury may allow, pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA against Defendant;

2.      An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) of the FDCPA against Defendant;

3.      An award of actual damages in the amount of $10,000.00, or as the jury may allow, pursuant to Cal. Civ. Code §1788.30(a) of the Rosenthal Act, against Defendant;

4.      An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act against Defendant.

6.      An award of actual damages in the amount of $10,000.00, or as the jury may allow, pursuant to Cal. Civ. Code §1788.62(a)(1) against Defendant.

7.      An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.62(a)(2) against Defendant.

8.      An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k (a) (3) of the FDCPA, Cal. Civ. Code §1788.30(c) of the Rosenthal Act, and Cal. Civ. Code §1788.62(c)(1) of the FDBPA.

9.      Such other and further relief this court may deem just and proper.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:  October 18, 2016              SEMNAR & HARTMAN, LLP

                                     By s/ Jared M. Hartman
                                     Jared M. Hartman, Esq.
                                     Attorneys for Plaintiff

EXHIBIT 1

1 | D. Scott Carruthers, SBN 68745
A Profession Law Corporation
2 | 8448 Katella Avenue/PO Box 228
Stanton, California 90680
3 | (714) 761-3976
Fax: (714) 761-1754
4 |

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 2 5 2015

By _____
Deputy

5 | Attorney for Plaintiff

6

7

8 | **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9 | **COUNTY OF SAN BERNARDINO**

10

11 | MOUNTAIN LION ACQUISITIONS,

12 | INC.        Plaintiff,

13 |        vs.

14 | ROSARIO MERCADO, an individual;

15 | and DOES 1 through 10, inclusive

16 |        Defendant(s).

17

18

COMPLAINT FOR MONEY
**$5075.00**

CIVDS1514561
Receipt# 150930-6487

19 |        **COMES NOW PLAINTIFF**, and for causes of action against defendants, and each of them, alleges as follows:

20

21 | **GENERAL ALLEGATIONS**

22 |        1.   Plaintiff is now and at all times alleged a corporation in good standing, duly organized and existing under and by virtue of the laws of the State of California.

23

24

25 |        2.   Defendant is an individual who either resides and/or entered into the subject obligation within the State of California.

26

27 |        3.   Plaintiff is unaware of the true names of defendants herein sued by their fictitious names of DOES 1 through 10, inclusive, and therefore sues those

28

1

COMPLAINT

14.     The date of default or the date of the last payment from Defendant(s) on this debt was 02/29/2012.

15.     The name and address of the charge-off creditor at the time of charge-off was CashCall, Inc. 1600 S. Douglass Rd., Anaheim, CA 92806.

16.     The charge-off creditor's account number associated with the debt obligation is 7330530.

17.     The name and last known address of the debtor as they appeared in the charge-off creditor's records prior to the sale of the debt are ROSARIO MERCADO  8144 GARDEN PARK ST, CHINO, CA 91708.

18.     The name and addresses of all persons or entities that purchased the debt after charge-off, are Cashcall, PO Box 66007 Anaheim, CA 92816 ; B-Lo, LLC 45 Earhart Dr. Williamsville, NY 14221 ; Mountain Lion Acquisitions, Inc. 8448 Katella Avenue Stanton, CA 90680.

19.     Plaintiff alleges that it has complied with Section 1788.52 of the California Civil Code.

20.     Plaintiff alleges that a copy of the contract or other document described in subdivision (b) of Section 1788.52 is attached to this Complaint as Exhibit "A".

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(As against Defendant and Does 1-10)**

21.     Plaintiff re-alleges and otherwise incorporates all prior paragraphs of this Complaint as if alleged in full herein.

22.     Plaintiff and/or its predecessor have complied with all obligations to be performed on their part with respect to the subject debt obligation.

23.     Defendant(s) have failed to comply with the terms and conditions of the subject contract.

3

COMPLAINT

24.     Demand for payment of the debt obligation has been made.

25.     Defendant(s) have failed and refused to pay the debt obligation, and the whole thereof is now due, owing.

### SECOND CAUSE OF ACTION

### ACCOUNT STATED

### (As against Defendant and Does 1-10)

26.     Plaintiff re-alleges and otherwise incorporates all prior paragraphs of this Complaint as if alleged in full herein.

27.     That on or about, 02/29/2012 and at other times, there was an account stated as between Plaintiff's predecessor and Defendant(s) upon which account stated the sum of $5,075.00 was agreed upon as the balance due.

28.     Defendant(s) have failed to comply with the terms and conditions of the subject contract.

29.     Demand for payment of the debt obligation has been made.

30.     Defendant(s) have failed and refused to pay the debt obligation, and the whole thereof is now due, owing.

### THIRD CAUSE OF ACTION

### OPEN BOOK ACCOUNT

### (As against Defendant and Does 1-10)

31.     Plaintiff re-alleges and otherwise incorporates all prior paragraphs of this Complaint as if alleged in full herein.

32.     Defendant(s) became indebted to Plaintiff's predecessor for money paid, laid out, and expended to or for at Defendant(s)' request and for work, labor, services and materials rendered at the special instance and request of defendant(s) and for which Defendant(s) and each of them promised to pay.

33.     Demand for payment of the debt obligation has been made.

34.     Defendant(s) have failed and refused to pay the debt obligation, and the whole thereof is now due, owing.

4

COMPLAINT

**WHEREFORE**, Plaintiff prays judgment against defendants, and each of them, as follows:

1. For damages in an amount to be $5075.00;

2. For interest agreed in the contract at the rate of 115.00% from the date of last payment  02/29/2012 ;

3. For attorney's fees $657.50;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court deems just and proper.

*D. Scott Carruthers, Esq.*

Dated: September 18, 2015

_____

D. SCOTT CARRUTHERS, APLC
Attorneys for Plaintiff

5

COMPLAINT

file:///B:/DEBS82/7330530/NOTE7330530.htm

# CASHCALL, INC. PROMISSORY NOTE AND DISCLOSURE STATEMENT

| Loan No.: | 7330530 | Date of Note: | August 17, 2011 |
|---|---|---|---|
| | | Expected Funding Date: | August 18, 2011 |
| Lender: | CashCall, Inc. | Borrower: | ROSARIO MERCADO |
| Address: | 1600 S Douglass Rd Anaheim, CA 92806 | Address: | 8144 GARDEN PARK STREET AVE CHINO, CA 91708 |

In this Promissory Note and Disclosure Statement ("Note"), the words "you" and "your" mean the person signing as a borrower. "We," "us,", and "our," mean CashCall, Inc. and any subsequent holder of this Note.

## TRUTH IN LENDING ACT DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE  The cost of your credit as a yearly rate  116.28 % | FINANCE CHARGE  The dollar amount the credit will cost you  $36,010.50 | AMOUNT FINANCED  The amount of credit provided to you  $5,000.00 | TOTAL OF PAYMENTS  The amount you will have paid after all payments are made as scheduled  $41,010.50 |
|---|---|---|---|

| PAYMENT SCHEDULE |
|---|
| One payment of $713.55 on October 01, 2011. |
| 82 monthly payments of $486.58 beginning on November 01, 2011. |
| One payment of $397.39 on September 01, 2018. |

**Late Charge:**   If a payment is more than 15 days late, you will be charged $15.00.

**Prepayment:**    If you pay off this loan early, you will not have to pay any penalty.

Please see the remainder of this document for additional information about nonpayment, default and any required repayment in full before the scheduled date.

EXHIBIT A

## ITEMIZATION OF AMOUNT FINANCED

| Amount Financed: | $5,000.00 |
| Amount Paid to Borrower Directly: | $5,000.00 |
| Prepaid Finance Charge/Origination Fee: | $75.00 |

FOR VALUE RECEIVED, you promise to pay to the order of CashCall, Inc., or any subsequent holder of this Note the sum of **$5,075.00**, together with interest calculated at **115.00 %** and any outstanding charges or late fees, until the full amount of this Note is paid.

Your payments will be applied first to any outstanding charges or late fees, then to earned interest and finally to principal. The payment schedule described above is only an estimate and may change in the event you do not make all payments as scheduled.

Interest is calculated on a 360/360 simple interest basis. This means that interest is calculated by dividing the annual Interest Rate by 360, multiplying that number by the outstanding principal balance, and multiplying that number by the number of days the principal balance is outstanding.

You may prepay all or any part of the principal at any time without penalty.

You will be subject to a fee not to exceed the legally permitted amount if any payment you make is returned for non-sufficient funds.

If you fail to make any payment due hereunder, we shall have the right, after a 30-day grace period, to declare this Note to be immediately due and payable. If you file for an assignment for the benefit of creditors, bankruptcy, or for relief under any provisions of the United States Bankruptcy Code, we shall have the right to declare this Note to be immediately due and payable.

In the event that we are required to employ an attorney at law to collect any amounts due under this Note, you will be required to pay the reasonable fees of such attorney to protect our interest or to take any other action required to collect the amounts due hereunder.

You agree that all payments not made within fifteen (15) days of the due date shall be subject to a late fee of $15.00.

The origination fee included in the prepaid finance charge/origination fee disclosed above is fully earned upon loan origination, is not subject to rebate upon prepayment or acceleration of this Note and is not considered interest.

We may delay or forgo enforcing any of its rights or remedies under this Note without losing them. You hereby, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, or protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability.

This Note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

This Note is in original format an electronic document fully compliant with the Electronic Signatures in Global and National Commerce Act (E-SIGN) and other applicable laws and regulations, and that the one, true original Note is retained electronically by us. All other versions hereof, whether electronic or in tangible format, constitute facsimiles or reproductions only.

9/14/2015  1:16 PM



You understand that you have previously consented to receive all communications from us, including but not limited to, all required disclosures via electronic mail.

You understand and agree that we may obtain credit reports on you an ongoing basis as long as this loan remains in effect. You also authorize us to report information concerning your account to credit bureaus and anyone else it believes in good faith has a legitimate need for such information.

You understand that, from time to time, we may monitor or record telephone calls between you and us for quality assurance purposes. You expressly consent to have your calls monitored or recorded.

You agree that in the event we need to contact you to discuss your account or the repayment of your loan, we may telephone you at any number, including any cell phone number provided, and that we may leave an autodialed or prerecorded message or use other technology to make that contact or to communicate to you the status of your account.

A married or registered domestic partner applicant may apply for a separate account. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. If we take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, you have the right to obtain within 60 days a free copy of your consumer credit report from the consumer reporting agency who furnished us your consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. You have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

This Agreement encompasses the entire agreement of the parties, and supersedes all previous understandings and agreements between the Parties, whether oral or written. Any modifications to this Agreement must be made in writing and signed by both parties.

**ARBITRATION PROVISION**

**GOVERNING LAW.** This Note will be governed by the laws of the State of California except to the extent governed by federal law. This Arbitration Provision is governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16 ("FAA").

**WAIVER OF JURY TRIAL AND ARBITRATION PROVISION.** Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and to have a jury trial to resolve their disputes; and (b) agree, instead, to submit their disputes to a neutral third person (an "arbitrator") for a decision. Each party to the dispute has an opportunity to present some evidence to the arbitrator. Pre-arbitration discovery may be limited. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision. We have a policy of arbitrating all disputes with customers which cannot be resolved in a small claims tribunal, including the scope and validity of this Arbitration Provision and any right you may have to participate in an alleged class action. **THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS**:

For purposes of this Waiver of Jury Trial and Arbitration Provision, the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation (a) all claims,

disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration Provision and any claim or attempt to set aside this Arbitration Provision; (b) all federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to the Loan Agreement, the information you gave us before entering into this Agreement, including the customer information application, and/or any past agreement or agreements between you and us; (c) all counterclaims, cross-claims and third-party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by us against you, including claims for money damages to collect any sum we claim you owe us; (g) all claims asserted by you individually against us and/or any of our employees, agents, directors, officers, shareholders, governors, managers, members, parent company or affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on your behalf by another person; (i) all claims asserted by you as a private attorney general, as a representative and member of a class of persons, or in any other representative capacity, against us and/or related third parties (hereinafter referred to as "Representative Claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by us or related third parties of any non-public personal information about you.

1. You acknowledge and agree that by entering into this Arbitration Provision:

**(a) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**

**(b) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**

**(c) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

2. Except as provided in Paragraph 5 below, all disputes including any Representative Claims against us and/or related third parties shall be resolved by binding arbitration only on an individual basis with you. **THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.**

3. Any party to a dispute, including related third parties, may send the other party written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org or JAMS (1-800-352-5267) http://www.jamsadr.com. The parties may also agree to select an arbitrator who resides within your federal judicial district who is an attorney, retired judge, or arbitrator registered and in good standing with an arbitration association, and arbitrate in accordance with such arbitrator's rules. The party receiving notice of arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. If you demand arbitration, you must inform us in your demand of the arbitration organization you have selected or whether you desire to select a local arbitrator. If related third parties or we demand arbitration, you must notify us within twenty (20) days in writing by certified mail return receipt

requested of your decision to select an arbitration organization. If you fail to notify us, then we have the right to select an arbitration organization. The parties to such dispute will be governed by the rules and procedures of such arbitration organization applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Arbitration Provision, including the limitations on the arbitrator below. You may obtain a copy of the rules and procedures by contacting the arbitration organization listed above.

4. Regardless of who demands arbitration, at your request we will pay your portion of the arbitration expenses, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"). Throughout the arbitration, each party shall bear his or her own attorneys' fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive law consistent with the FAA, and applicable statutes of limitation, and shall honor claims of privilege recognized at law. The arbitration hearing will be conducted in the county of your residence. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. In conducting the arbitration proceeding, the arbitrator shall not apply any federal or state rules of civil procedure or evidence. If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorneys' fees and expenses. If the arbitrator renders a decision or an award in your favor resolving the dispute, we will reimburse you for any Arbitration Fees you have previously paid. At the timely request of any party, the arbitrator shall provide a written explanation for the award. The arbitrator's award may be filed with any court having jurisdiction.

5. All parties, including related third parties, shall retain the right to seek adjudication in a small claims tribunal in the county of your residence for disputes within the scope of such tribunal's jurisdiction. Any dispute, which cannot be adjudicated within the jurisdiction of a small claims tribunal, shall be resolved by binding arbitration. Any appeal of a judgment from a small claims tribunal shall be resolved by binding arbitration.

6. This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA. If a final non-appealable judgment of a court having jurisdiction over this transaction finds, for any reason, that the FAA does not apply to this transaction, then our agreement to arbitrate shall be governed by the arbitration law of the State of California.

7. This Arbitration Provision is binding upon and benefits you, your respective heirs, successors and assigns. This Arbitration Provision is binding upon and benefits us, our successors and assigns, and related third parties. This Arbitration Provision continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. This Arbitration Provision survives any cancellation, termination, amendment, expiration or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Arbitration Provision is held invalid, the remainder shall remain in effect.

**OPT-OUT PROCESS**

You may choose to opt out of the Arbitration Provision, but only by following the process set-forth below. If you do not wish to be subject to this Arbitration Provision, then you must notify us in writing within sixty (60) calendar days of the date of this Note at the following address: Arbitration Opt-Out, CashCall, Inc., 1600 Douglass Rd., Anaheim, CA 92806. Your written notice must include your name, address, account number or social security number and a statement that you wish to opt out of this Arbitration Provision.

9/14/2015 1:16 PM

| ☑ | YOU CERTIFY THAT YOU HAVE READ AND UNDERSTAND THIS ARBITRATION PROVISION AND AGREE TO BE BOUND TO ITS TERMS. |

**THIS LOAN CARRIES A VERY HIGH INTEREST RATE. YOU MAY BE ABLE TO OBTAIN CREDIT UNDER MORE FAVORABLE TERMS ELSEWHERE. EVEN THOUGH THE TERM OF THE LOAN IS 84 MONTHS, WE STRONGLY ENCOURAGE YOU TO PAY OFF THE LOAN AS SOON AS POSSIBLE. YOU HAVE THE RIGHT TO PAY OFF ALL OR ANY PORTION OF THE LOAN AT ANY TIME WITHOUT INCURRING ANY PENALTY. YOU WILL, HOWEVER, BE REQUIRED TO PAY ANY AND ALL INTEREST THAT HAS ACCRUED FROM THE FUNDING DATE UNTIL THE PAYOFF DATE.**

| ☑ | YOU CERTIFY THAT NO PERSON HAS PERFORMED ANY ACT AS A BROKER IN CONNECTION WITH THE MAKING OF THIS LOAN. |
| ☑ | YOU CERTIFY THAT YOU HAVE READ AND UNDERSTAND THE AMORTIZATION SCHEDULE ON THIS LOAN. Click here to view. |
| ☑ | **YOU HAVE READ ALL OF THE TERMS AND CONDITIONS OF THIS PROMISSORY NOTE AND DISCLOSURE STATEMENT AND AGREE TO BE BOUND BY ITS TERMS. YOU UNDERSTAND AND AGREE THAT YOUR EXECUTION OF THIS NOTE SHALL HAVE THE SAME LEGAL FORCE AND EFFECT AS A PAPER CONTRACT.** |

This Loan Is Made Pursuant To The California Finance Lender Law, Division 9 (commencing with Section 22000) of the Financial Code. **FOR INFORMATION, CONTACT THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA, LICENSE NO. 603-8780.**

### ELECTRONIC FUNDS AUTHORIZATION AND DISCLOSURE

You hereby authorize us to initiate electronic funds transfers ("EFTs") for withdrawal of your scheduled loan payment from your checking account on or about the FIRST day of each month. You further authorize us to adjust this withdrawal to reflect any additional fees, charges or credits to your account. You understand that we will notify you 10 days prior to any given transfer if the amount to be transferred varies by more than $50 from your regular payment amount. You also authorize us to withdraw funds from your account on additional days throughout the month in the event you are delinquent on your loan payments. You understand that this authorization and the services undertaken by us in no way alters or lessens your obligations under the loan agreement. You understand that you can cancel this authorization at any time (including prior to your first payment due date) by sending written notification to us. Cancellations must be received at least three business days prior to the applicable due date. This EFT debit authorization will remain in full force and effect until the earlier of the following occurs: (i) you satisfy all of your payment obligations under this Loan Agreement or (ii) you cancel this authorization.

In addition, you hereby authorize us and our agents to initiate a wire transfer credit to your bank account to disburse the proceeds of this Loan. You acknowledge that the origination of the wire transfer to your bank account must comply with applicable provisions of U.S. law.

9/14/2015 1:16 PM

| | |
|---|---|
| ☑ | YOU UNDERSTAND OUR PAYMENT COLLECTION POLICY AND AUTHORIZE ELECTRONIC DEBITS FROM YOUR BANK ACCOUNT. |

Click here to print out a copy of this document for your records.

9/14/2015 1:16 PM